1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   TIMOTHY COONS, Jr.,                        No. 2:20-cv-1813-JDP P
12                  Plaintiff,
13         v.                                   ORDER
14   C.D.C.R.,
15                  Defendant.
16

17         Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to
18   42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he also filed an application to
19   proceed in forma pauperis (ECF No. 2).  The court will grant his application and screen the
20   complaint.

21                      Application to Proceed in Forma Pauperis
22         The court has reviewed plaintiff's application and finds that it makes the showing required
23   by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency
24   having custody of plaintiff to collect and forward the appropriate monthly payments for the filing
25   fee as set forth in 28 U.S.C. §§ 1915(b)(1) and (2).

26                              Screening Standards
27         Federal courts are required to screen cases in which prisoners seek redress from a
28   governmental entity or officer or employee of a governmental entity.  28 U.S.C.

                                        1

1  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

2  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4  relief."  *Id.* § 1915A(b).

5        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

6  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

7  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

8  defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v.*

9  *Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

10  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

11  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

12  U.S. 662, 679 (2009).

13        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

14  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15  action."  *Twombly*, 550 U.S. at 555-57.  In other words, "[t]hreadbare recitals of the elements of a

16  cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24                                    Screening Order

25        Plaintiff's claims he has been denied a lower bunk chrono for an injured knee.  He claims

26  that on February 19, 2020, he fell and injured himself trying to access his upper bunk.  He claims

27  he was subsequently denied medical care.

28        Plaintiff's complaint cannot survive screening.  According to the complaint, plaintiff has

2

1    been denied basic necessities and subjected to cruel and unusual punishment.  The only named

2    defendant, however, is CDCR.  CDCR is not a proper defendant because it is a state agency that

3    is immune from suit under the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*,

4    491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)

5    (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive

6    relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v.*

7    *Halderman*, 465 U.S. 89, 100 (1984) (explaining that Eleventh Amendment immunity extends to

8    state agencies).  Plaintiff will be given leave to amend in order to identify the particular individual

9    or individuals who allegedly violated his federal statutory or constitutional rights.  In any

10   amended complaint, plaintiff should allege who denied him a lower bunk chrono and why.  He

11   should also describe his medical needs after falling, identify any individuals from whom he

12   sought medical attention, and state the purported basis on which he was denied medical attention.

13   Leave to Amend

14          Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an

15   amended complaint, it should comply with the following guidelines:

16          Any amended complaint must identify as a defendant only persons who personally

17   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

18   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (explaining that a person subjects another to the

19   deprivation of a constitutional right if he does an act, participates in another's act or omits to

20   perform an act he is legally required to do that causes the alleged deprivation).  The complaint

21   should also describe, in sufficient detail, how each defendant personally violated or participated

22   in the violation of his rights.  The court will not infer the existence of allegations that have not

23   been explicitly set forth in the amended complaint.

24          The amended complaint must contain a caption including the names of all defendants.

25   Fed. R. Civ. P. 10(a).

26          Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

27   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

28          Any amended complaint must be written or typed so that it so that it is complete in and of

3

itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, any amended complaint should be as concise as possible while meeting the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should not include procedural or factual background that has no bearing on his legal claims.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.   Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.   Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order.

4.   Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: October 6, 2020

_____
UNITED STATES MAGISTRATE JUDGE