UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY COONS, Jr., | Case No. 2:20-cv-01813-JDP (PC) |
| Plaintiff, | SCREENING ORDER |
| v. | SECOND AMENDED COMPLAINT DUE WITHIN SIXTY DAYS |
| C.D.C.R, | ECF No. 10 |
| Defendant. | |

Plaintiff Timothy Coons is a state prisoner proceeding without counsel in this action brought under 28 U.S.C. § 1983. The court previously found that his initial complaint failed to state an Eighth Amendment claim against the California Department of Corrections and Rehabilitation ("CDCR") because that defendant is immune from suit under the Eleventh Amendment. ECF No. 7. Plaintiff has since filed a first amended complaint, which is before the court for screening. ECF No. 10. The allegations in the amended complaint are virtually identical to those set forth in the original complaint. The only material difference is that plaintiff now asserts his Eighth Amendment claim against defendant State of California rather than the CDCR. California is also entitled to immunity under the Eleventh Amendment and, consequently, the amended complaint fails to state a claim.

1

Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Like the earlier complaint, the amended complaint alleges that plaintiff has been denied a lower bunk chrono for a knee injury. ECF No. 1 at 4. On February 19, 2020, plaintiff allegedly fell and injured his hip while attempting to access his upper bunk. *Id.* at 3-4. He further claims that he was denied medical care. *Id.* at 4. Based on these allegations, plaintiff alleges that he was

a
b

wrongly denied medical care and subjected to cruel and unusual punishment in violation of the Eighth Amendment. *Id*. at 3.

Plaintiff's Eighth Amendment claim cannot survive screening. California—the only defendant named in the amended complaint—is immune from suit under the Eleventh Amendment. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) ("The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state."); *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court."). Accordingly, plaintiff cannot state an Eighth Amendment claim against California.

Plaintiff may file an amended complaint if he wishes to proceed with this suit. An amended complaint must identify as a defendant only persons who personally participated in depriving plaintiff of his constitutional rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). An amended complaint would also need to allege what defendant did and why those actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within sixty days, I may issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[1] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should

---

[1] Plaintiff will not be permitted to change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Within sixty days from the service of this order, plaintiff must file a Second Amended Complaint if he wishes to proceed with this case.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   November 20, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4